1  SEYFARTH SHAW LLP
   Laura Wilson Shelby (SBN 151870)
2  lshelby@seyfarth.com
   Caitlyn M. Crisp (SBN 294136)
3  ccrisp@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendants
   COSTCO WHOLESALE CORPORATION and
7  ADOLPH COSTELLO (erroneously named as
   ADOLFO COSTELLO)

8

9

10                 UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13  CARLOS HERRERA PAZ, an individual,      Case No. 2:20-cv-5444

14              Plaintiff,                  **DEFENDANTS' NOTICE OF
                                            REMOVAL**
15         v.
                                            [Los Angeles Superior Court
16  COSTCO WHOLESALE                        Case No. 20CV01860]
    CORPORATION, a Washington
17  corporation; ADOLFO COSTELLO, an
    individual; and DOES 1 through 100,
18  inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

                     DEFENDANTS' NOTICE OF REMOVAL
   64097293v.1

# TABLE OF CONTENTS

**Page**

I.     BACKGROUND ........................................................................................1

II.    TIMELINESS OF REMOVAL .................................................................2

III.   FEDERAL DIVERSITY OF CITIZENSHIP JURISDICTION ...............2

IV.    AMOUNT IN CONTROVERSY ..............................................................2

    A.   Plaintiff's Individual Claims Exceed $75,000 ...............................4

    B.   Compensatory Damages ..................................................................4

    C.   Emotional Distress Damages ..........................................................6

    D.   Attorneys' Fees and Costs ..............................................................6

    E.   Punitive Damages............................................................................7

V.     DIVERSE CITIZENSHIP OF THE PARTIES .........................................9

    A.   Plaintiff's Citizenship.....................................................................9

    B.   Costco Wholesale Corporation's Citizenship ................................9

    C.   Defendant Costello's Citizenship Should Be Disregarded Because He Is A Sham Defendant ...................................................10

        1.   Costello Is A Sham Defendant Because The Managerial Privilege Precludes Personal Liability On The Harassment Claim .................................................11

        2.   Costello Is A Sham Defendant Because The Lack Of Severe Or Pervasive Conduct Precludes Personal Liability On Plaintiff's Harassment Claim ..................................13

    D.   Doe Defendants May Be Disregarded............................................14

VI.    VENUE....................................................................................................14

VII.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND SUPERIOR COURT...................................................................15

VIII.  PRAYER FOR REMOVAL ....................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
5
   994 F. Supp. 1196 (N.D. Cal. 1998) ..................................................................3

6

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
7
   325 F.2d 785 (9th Cir. 1963) ..........................................................................3

8

*Davis v. HSBC Bank Nevada, N.A.*,
9
   557 F.3d 1026 (9th Cir. 2009) ........................................................................9

10

*Dodson v. Spillada Maritime Corp.*,
11
   951 F.2d 40 (5th Cir. 1992) ..........................................................................10

12

*Fristoe v. Reynolds Metals, Co.*,
   615 F.2d 1209 (9th Cir. 1980) ......................................................................14

13

*Galt G/S v. JSS Scandinavia*,
14
   142 F. 3d 1150 (9th Cir. 1998) ..................................................................3, 6

15

*Gaus v. Miles, Inc.*,
16
   980 F.2d 564 (9th Cir. 1992) ..........................................................................3

17

*Haley v. Cohen & Steers Capital Management, Inc.*,
18
   871 F.Supp.2d 944 (2012) ............................................................................13

19

*Hertz Corp. v. Friend*,
20
   559 U.S. 77 (2010)..........................................................................................9

21

*Kantor v. Warner-Lambert Co.*,
22
   265 F.3d 853 (9th Cir. 2001) ..........................................................................9

23

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ........................................................................9

24

*Lewis v. Time, Inc.*,
25
   83 F.R.D. 455 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)........................10

26

*McCabe v. Gen. Foods Corp.*,
27
   811 F.2d 1336 (9th Cir. 1987) ..........................................................10, 11, 12

28

DEFENDANTS' NOTICE OF REMOVAL

64097293v.1

*Meritor Savings Bank v. Vinson*,
   477 U.S. 57 (1986) ................................................................................................ 13

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) ............................................................................. 10

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998) ...................... 10

*Sanchez v. Monumental Life Ins.*,
   102 F.3d 398 (9th Cir. 1996) ............................................................................ 2, 3

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ................................................................................. 9

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
   538 U.S. 408 (2003) ................................................................................................ 8

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ............................................................................... 3

*Ward v. Cadbury Schweppes Bottling Grp.*,
   2011 WL 7447633 (C.D. Cal) ........................................................................ 5, 6, 8

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
   2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ..................................... 7

*Fisher v. San Pedro Peninsula Hospital*,
   214 Cal. App. 3d 590 (1989) ............................................................................... 13

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
   132 Cal. App. 4th 359 (2005) ................................................................................ 7

*Janken v. GM Hughes Elect.*,
   46 Cal. App. 4th 55 (1996) ................................................................................. 12

*Lane v. Hughes Aircraft Co.*,
   22 Cal. 4th 405 (2000) .......................................................................................... 7

*Mokler v. County of Orange*,
   157 Cal. App. 4th 121 (2007) ............................................................................. 13

iii

DEFENDANTS' NOTICE OF REMOVAL

*Muller v. Automobile Club of So. Cal.*,
    61 Cal. App. 4th 441,446-47 (1998) *overruled* on other grounds ............................... 13

*Reno v. Baird*,
    18 Cal. 4th 640 (1998) .................................................................................... 11

*Smith v. Int'l Bhd. Of Elect. Workers, Local Union 11*,
    109 Cal. App. 4th 1637 (2003) ....................................................................... 12

**Federal Statutes**

28 U.S.C. § 1332 .............................................................................................. 1, 14

28 U.S.C. § 1332(a) .............................................................................................. 3

28 U.S.C. § 1332(a)(1) ...................................................................................... 2, 8

28 U.S.C. § 1332(c)(1) ......................................................................................... 9

28 U.S.C. § 1441 .................................................................................................. 1

28 U.S.C. § 1441(a) .......................................................................................... 2, 14

28 U.S.C. § 1446 .................................................................................................. 1

28 U.S.C. § 1446(a) ............................................................................................ 15

28 U.S.C. § 1446(b) .............................................................................................. 2

28 U.S.C. § 1446(b)(2(B) ..................................................................................... 2

28 U.S.C. § 1446(b)(2(C) ..................................................................................... 2

28 U.S.C. § 1446(d) ............................................................................................ 14

**State Statutes**

Cal. Gov. Code § 12940(m) ............................................................................... 1, 4

Cal. Gov. Code § 12940(n) ................................................................................ 1, 4

Cal. Gov. Code § 12965(b) ................................................................................... 7

Fair Employment and Housing Act ....................................................................... 7

DEFENDANTS' NOTICE OF REMOVAL

64097293v.1

**Other Authorities**

*Aboulafia v. GACN Inc.*,
   2013 WL 8115991 (Los Angeles Sup. Ct.) ........................................................ 6

*Aboulafia v. GACN Inc.*,
   2013 WL 811991 (Los Angeles Sup. Ct.) ........................................................ 5, 8

*Beard v. Los Angeles Cnty. Law Library*,
   2009 WL 250543 (Los Angeles Sup. Ct.) ........................................................ 5

*Crawford v. DIRECTV, Inc.*,
   2010 WL 5383296 (Los Angeles County Sup. Ct.) ........................................ 7

*Denenberg v. Cal. Dep't of Transp.*,
   2006 WL 5305734 (San Diego County Sup. Ct.) ............................................ 7

*Kolas v. Alticor Inc.*,
   2008 WL 6040410 (L.A. County Sup. Ct.) ...................................................... 5

*Leimandt v. Mega RV Corp.*,
   2011 WL 2912831 (Orange County Sup. Ct.) .................................................. 6

*Silverman v. Stuart F. Cooper Inc.*,
   2013 WL 5820140 (Los Angeles Sup. Ct.) ...................................................... 5, 6

*Vanderheiden v. City of Alameda*,
   2011 WL 1562075 (Alameda County Sup. Ct.) .............................................. 5

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
   2013 WL 7852947 (Los Angeles Sup. Ct.) ...................................................... 6

*Welch v. Ivy Hill Corp.*,
   2011 WL 3293268 (Los Angeles Sup. Ct.) ...................................................... 6

DEFENDANTS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, COSTCO WHOLESALE CORPORATION ("Costco") and ADOLPH COSTELLO ("Costello" erroneously named as ADOLFO COSTELLO) hereby remove the above-referenced action from the Superior Court of the State of California for the County of Santa Barbara, pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332).  This removal is proper for the following reasons:

## I.   BACKGROUND

1.     On May 14, 2020, Plaintiff Carlos Herrera Paz filed a complaint in the Superior Court of California for the County of Santa Barbara titled *Carlos Herrera Paz, an individual, Plaintiff v. Costco Wholesale Corporation, a Washington corporation; Adolfo Costello, an individual; and DOES 1 through 100, inclusive* , Case No. T20-22 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     The Complaint asserts causes of action against Defendants for: (1) "Wrongful Termination in Violation of Public Policy"; (2) "Disability Discrimination"; (3) "Failure to Prevent Discrimination"; (4) "Harassment due to Disability"; (5) "Failure to Accommodate Physical Disability in Violation of Gov. Code § 12940(m); (6) Failure to Engage in a Good Faith Interactive Process in Violation of Gov. Code § 12940(n); (7) Negligent Hiring, Supervision, and Retention; and (8) Unfair Competition.

3.     On May 19, 2020, Costco received, via process server, the Summons; the Complaint; and the Civil Case Cover Sheet.  A true and correct copy of the packet received by Costco is attached as **Exhibit A**.

4.     On May 26, 2020, Costello received, via process server, the Summons and the Complaint.  A true and correct copy of the packet received by Costello is attached as **Exhibit B.**

DEFENDANTS' NOTICE OF REMOVAL

5.      On May 27, 2020, Costco received the Order and Notice of Case Assignment and Notice of Case Management Conference.  A true and correct copy of this document is attached as **Exhibit C**.

6.      On June 16, 2020, Costco and Costello filed their Answer in Santa Barbara County Superior Court.  A true and correct copy of the Answer filed is attached as **Exhibit D**.

7.      Defendants have not filed or received any other pleadings or papers, other than the pleadings described as **Exhibit A**, **Exhibit B**, **Exhibit C** and **Exhibit D** in this action prior to this Notice of Removal.  (Declaration of Laura Shelby ("Shelby Decl."), ¶ 2.)

8.      As discussed in greater detail below, Costco is a citizen of Washington. Plaintiff also names Costello as a Defendant, but Costello is a "sham" defendant, such that for purposes of diversity of citizenship jurisdiction, he can be disregarded.

## II.      TIMELINESS OF REMOVAL

9.      This Notice of Removal is timely as it is filed within thirty (30) days of service of a copy of the Summons and Complaint on Costco on May 19, 2020 and on Costello on May 26, 2020.  28 U.S.C. § 1446(b).  Each Defendant has 30 days after service to file a Notice of Removal.  28 U.S.C. § 1446(b)(2(B).  Where defendants are served at different times, that later-served defendant may remove, even if the earlier-served defendant did not remove.  28 U.S.C. § 1446(b)(2(C).

## III.      FEDERAL DIVERSITY OF CITIZENSHIP JURISDICTION

10.      The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

## IV.      AMOUNT IN CONTROVERSY

11.      While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount

2

exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

12.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

13.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

14.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

DEFENDANTS' NOTICE OF REMOVAL

## A.    Plaintiff's Individual Claims Exceed $75,000[1]

15.    The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint.  *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

16.    Plaintiff's Complaint alleges (1) "Wrongful Termination in Violation of Public Policy"; (2) "Disability Discrimination"; (3) "Failure to Prevent Discrimination"; (4) "Harassment due to Disability"; (5) "Failure to Accommodate Physical Disability in Violation of Gov. Code § 12940(m); (6) Failure to Engage in a Good Faith Interactive Process in Violation of Gov. Code § 12940(n); (7) Negligent Hiring, Supervision, and Retention; and (8) Unfair Competition.  Plaintiff prays for "consequential damages" "in an amount not less than $48,672," "general damages" "in an amount not less than $100,000," "reasonable costs," "attorneys' fees," and "punitive and exemplary damages." (Ex. A., Compl., Prayer for Relief, at ¶¶1-5.)  Accordingly, Plaintiff has expressly alleged at least $148,672 in damages.  Thus, it is "more likely than not" that the amount in controversy exceeds $75,000.

## B.    Compensatory Damages[2]

17.    Plaintiff was employed as a Stocker until December 19, 2018.  As a result of his alleged wrongful termination, Plaintiff alleges that he has suffered "special damages of lost wages according to proof at the time of trial, but in an amount not less than $48,672.00."  (Ex. A, Compl. ¶ 28.)  Plaintiff also alleges "[a]s a direct and proximate result of Employers' and each of their actions, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof, but in an amount not less than $100,000.00."  (Ex. A, Compl. ¶ 37.)

---

[1]/    Defendants' assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Defendants deny that Plaintiff is entitled to or will recover any damages in this matter.
[2]/    Defendants' assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Defendants deny that Plaintiff is entitled to or will recover any damages in this matter.

DEFENDANTS' NOTICE OF REMOVAL

18.    At the time of his termination, Plaintiff earned $23.40 per hour in addition to overtime compensation.  (Compl. ¶ 12.)  Given that Plaintiff alleges that he was wrongfully terminated on December 19, 2018, he has already incurred over 18 months of lost compensation to date.  *Id.*  Plaintiff's approximate annual income would be at least $48,672, based on the calculation of $23.40 (hourly rate) x 40 hours x 52 weeks.  *Id.* Accordingly, Plaintiff has already incurred at least of lost compensation of $73,008.00 (hourly rate of $23.40 x 40 hours per week x 78 weeks (December 19, 2018 to June 18, 2020)).  *Id.*  If we assume a conservative trial date of one year after Plaintiff's filing of the Complaint, approximately 126 weeks will have elapsed since Plaintiff's termination, bringing the amount of lost compensation to approximately **$117,936.00**.

19.    Additionally, should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in similar discrimination and wrongful termination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  *See Aboulafia v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination action); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $17,899,400 to six employees in an alleged discrimination case); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age and race); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Sup. Ct.) (award of $600,000 to employee claiming wrongful termination and disability and age discrimination).

20.    Plaintiff's allegations that he was discriminated against and discharged because of his disability are factually similar to the issues in these cases.  Defendants

have attached these verdicts as **Exhibit F and Exhibit G** to the concurrently filed Declaration of Laura Shelby for the Court's review.

**C.   Emotional Distress Damages[3]**

21.   Plaintiff also claims damages for emotional distress.  (Ex. A, Compl., ¶ 27.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000.  *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee for disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case).

22.   Plaintiff's allegations that he was discriminated against and discharged because of his disability are factually similar to the issues in these cases.  Defendant has attached these verdicts as **Exhibit F and G** to the concurrently filed Declaration of Laura Shelby for the Court's review.

**D.   Attorneys' Fees and Costs[4]**

23.   Plaintiff also claims that he is entitled to attorneys' fees and costs.  (Ex. A, Compl., Prayer for Relief, ¶ 3.)  Attorneys' fees are properly considered in calculating the

---

[3]/      Defendants' assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Defendants deny that Plaintiff is entitled to or will recover any damages in this matter.
[4]/      Defendants' assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Defendants deny that Plaintiff is entitled to or will recover any damages in this matter.

6

64097293v.1

amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).  Under California Government Code § 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust."  *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

24.     Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims similar to Plaintiff's claims.  *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).  Defendants have attached these verdicts as **Exhibit H** to the concurrently filed Declaration of Laura Shelby for the Court's review.

25.     Defendants anticipate depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Shelby Decl. ¶ 5.)

**E.     Punitive Damages**[5]

26.     Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  (Ex. A, Compl., Prayer for Relief ¶ 5.)

---

[5]     Defendants' assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages.  Defendants deny that Plaintiff is entitled to or will recover any damages in this matter.

7

64097293v.1

27.     Plaintiff's employer, Costco, is a large entity.  The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards.  *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant.").  In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ." (internal citations omitted).  Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

28.     Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination cases.  *See Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

29.     Based upon the allegations contained in Plaintiff's Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court.  Because diversity of citizenship exists between the Plaintiff and Costco, Costello is a "Sham defendant," and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).  This action is therefore a proper one for removal to this Court.

DEFENDANTS' NOTICE OF REMOVAL

## V.    DIVERSE CITIZENSHIP OF THE PARTIES

### A.    Plaintiff's Citizenship

30.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  (Shelby Decl., ¶ 3, Ex. E.)  The Complaint alleges that Plaintiff "is, and at all times relevant to this action, was a resident of Los Angeles County." (See Ex. A, Compl., ¶ 1.)

31.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

32.    Defendants' review of Plaintiff's personnel file and public records reveals that Plaintiff resides in California.  (See Shelby Decl., ¶ 3, Ex. D.)

33.    Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B.    Costco Wholesale Corporation's Citizenship

34.    Costco is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

35.    One determines a corporation's principal place of business with the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id.* at 92. A corporation typically directs and coordinates its activities from its headquarters. *Id.*

DEFENDANTS' NOTICE OF REMOVAL

36.     Costco is now, and ever since this action commenced has been, a corporation incorporated under the laws of the State of Washington, where its corporate headquarters are located.

37.     Under the "nerve center" test, Costco's principal place of business is the state of Washington because most of Costco's executive and administrative functions occur in corporate headquarters at Issaquah, Washington.

## C.     Defendant Costello's Citizenship Should Be Disregarded Because He Is A Sham Defendant

38.     Defendant Costello must be disregarded for purposes of diversity because he is a sham defendant; that is, he cannot be found liable as a matter of law.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possibly prevail" on her claim against the resident defendant); *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (finding fraudulent joinder of non-diverse defendants where there was "no possibility that [plaintiff] would be able to establish a cause of action against them").

39.     Costello is a sham defendant because he has been fraudulently named in the Complaint.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), *cert. denied*, 525 U.S. 963 (1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d  1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

40.     Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  *Ritchey*, 139 F.3d at 1318 ("If the

10

DEFENDANTS' NOTICE OF REMOVAL

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") (quoting *McCabe*, 811 F.2d at 1339)).

41.     When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham of fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "Is entitled to present the facts showing the joinder to be fraudulent").

42.     Plaintiff has fraudulently named Costello as a defendant to the following cause of action: Fourth Cause of Action for Harassment Due to Disability.

43.     The claim against Costello is not viable as a matter of law because (1) the managerial privilege precludes personal liability and (2) Plaintiff cannot establish that the alleged conduct was severe or pervasive.

### 1.     Costello Is A Sham Defendant Because The Managerial Privilege Precludes Personal Liability On The Harassment Claim

44.     Given that Plaintiff's claims are based solely on personnel decisions, Costello cannot be liable, as a matter of law.  As the California Supreme Court held in *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998), only employers are liable for the personnel management actions of their supervisors:

> By the inclusion of the "agent" language the Legislature intended only to ensure that **employers** will be held liable if their supervisory employees take actions later found discriminatory, and that **employers** cannot avoid the liability by arguing that a supervisor failed to follow instructions or deviated from the employer's policy.

*Id.*  Thus, the Court held that "it is 'inconceivable' that the Legislature simultaneously intended to subject individual non-employers to the burdens of litigating such claims.  To so construe the statute would be 'incongruous' and 'would upset the balance' struck by the Legislature."  *Id*. at 651 (citations omitted).  The Court then cautioned that "if every personnel manager risks losing his or her home, retirement savings, hope of children's

11

DEFENDANTS' NOTICE OF REMOVAL

college education, etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected." *Id*. at 652-53.  Moreover, the court in *Reno* defined harassment, and specifically excluded from that definition conduct which is part and parcel of a supervisory employee's job performance.  *Id*. at 645-46. Under the doctrine of managerial privilege, individual managers cannot be held personally liable for tort claims brought by other employees arising from actions taken within the course and scope of their managerial capacity.  *McCabe*, 811 F.2d at 1339 (applying California law, the court held that plaintiff's tort claims against two individual managers failed as a matter of law because "[the managers'] actions, according to the complaint, had been in their managerial capacity . . . [and] ratified by [their employer] . . . . [I]t is clear that 'if an agent is motivated in part by a desire to benefit her principle,' her conduct is, under California law, privileged.") (citation omitted).

45.    An employee cannot be sued for emotional distress for alleged managerial conduct.  *See, e.g., Smith v. Int'l Bhd. Of Elect. Workers, Local Union 11*, 109 Cal. App. 4th 1637, 1658 (2003) (holding that claim for emotional distress against manager failed, as a matter of law, because it was based on managerial conduct; "because the emotional distress claims arise out of conduct for which [the individual employee] cannot be held personally liable it follows she cannot be held liable for the emotional distress claims either"); *Janken v. GM Hughes Elect.*, 46 Cal. App. 4th 55, 79-80 (1996) (reiterating that an individual managerial employee cannot be liable for intentional infliction of emotional distress for conduct committed within the employment relationship).

46.    Here, Plaintiff only asserts a single factual allegation against Costello and Plaintiff's factual allegations demonstrate that Costello's conduct cannot give rise to liability.  The only factual allegation raised by Plaintiff against Costello is:  "On March 2, 2018, Employer's General Manager, Defendant Adolfo Costello, sent a letter to Plaintiff him [sic] he must resign by March 16, 2018.  Then on December 19, 2018, Employers

DEFENDANTS' NOTICE OF REMOVAL

told Plaintiff that he was fired for taking too much vacation time after he used all of his sick days.  This explanation is mere pretense." (Compl. at ¶ 22.)

47.     These allegations involve a personnel decision.  Plaintiff's allegations make clear that the conduct that allegedly caused him harm occurred within the course and scope of Costello's employment, and further, that the alleged harassment cannot result in a finding of liability as to Costello.  Thus, Costello's alleged actions are protected by the managerial privilege.

### 2.     Costello Is A Sham Defendant Because The Lack Of Severe Or Pervasive Conduct Precludes Personal Liability On Plaintiff's Harassment Claim

48.     The conduct attributed to Costello by Plaintiff cannot support any viable cause of action against Costello.  The conduct alleged by Plaintiff–sending a letter requesting Plaintiff's voluntary resignation–is not severe or pervasive enough to constitute unlawful harassment.

49.     Plaintiff must prove he was subjected to harassing conduct because of his disability that was sufficiently severe or pervasive so as to alter the conditions of his employment.  *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989).  The gravamen of a hostile environment harassment claim is that, to be actionable, the conduct at issue is so severe or pervasive as to create an abusive working environment.  *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986).  "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature."  *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 142 (2007).

50.     Numerous cases confirm that the specific conduct Plaintiff claims to be "harassment" is too trivial to be actionable.  *See, e.g.*, *Muller v. Automobile Club of So. Cal.*, 61 Cal. App. 4th 441,446-47 (1998) (no harassment where plaintiff was subjected to teasing remarks, accused of insubordination, was led astray concerning her workers' compensation claim, and management issued a directive to prohibit all telephone calls

and discussions with plaintiff) *overruled* on other grounds; *Haley v. Cohen & Steers Capital Management, Inc.*, 871 F.Supp.2d 944, 957 (2012) (no harassment where plaintiff alleged individual "humiliated her on conference calls and face to face; targeted her; threatened her with disciplinary action; prevented her from moving back to the east coast to be with her terminally ill father; removed territories away from her; denied her commission; demeaned her cancer and interfered with her medical leave; threatened her with probation; and caused her to be terminated.").

51.     As demonstrated by the foregoing examples of conduct above, the letter Costello sent Plaintiff is insufficiently "severe or pervasive."  Plaintiff's allegations of routine personnel management decisions do not meet the necessary standard.

52.     Plaintiff has not stated, and cannot state, a viable claim against Costello. Consequently, because Costello is a "sham" defendant, his citizenship should be disregarded for determining diversity jurisdiction.

**D.     Doe Defendants May Be Disregarded**

53.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

## VI.     VENUE

54.     This action originally was brought in the Superior Court of the State of California, County of  Santa Barbara, which is located within the Central District of the State of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

14

64097293v.1

## VII.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND SUPERIOR COURT

55.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Santa Barbara, in the State Court Action.

56.   This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

57.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery, and orders filed and/or served in this action are attached as **Exhibit A, Exhibit B, Exhibit C, and Exhibit D**.

### VIII.  PRAYER FOR REMOVAL

58.   WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Santa Barbara, to the United States District Court for the Central District of California.

DATED: June 18, 2020                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Caitlyn M. Crisp*
Laura Wilson Shelby
Caitlyn M. Crisp
Attorneys for Defendants
COSTCO WHOLESALE
CORPORATION and ADOLPH
COSTELLO (erroneously named as
ADOLFO COSTELLO)

15

DEFENDANTS' NOTICE OF REMOVAL